## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**LAQUITA COOPER, individually and as
daughter and next friend of Donald Cooper,**

       **Plaintiff,**

**v.**                                  **No. 2:07-2283-STA-cgc**

**SHELBY COUNTY, TENNESSEE, and
CORRECTIONAL MEDICAL SERVICES, INC.,**

       **Defendants.**

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' JOINT MOTION TO DISMISS

Before the Court is Defendants Shelby County, Tennessee ("Shelby County") and Correctional Medical Services, Inc.'s ("CMS") Joint Motion to Dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. (D.E. #28). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E. #29). For the reasons set forth herein, the Court RECOMMENDS that Defendants' Joint Motion to Dismiss be DENIED and that Defendants' request for attorneys' fees and costs related to the instant motion be GRANTED.

### I. Factual Background

On April 19, 2007, Plaintiff Laquita Cooper ("Plaintiff")[1] filed a Complaint alleging that

---

[1] The Complaint was initially filed by both Laquita Cooper and Shirley Varnell. However, the Court dismissed all of Parnell's claims in its February 5, 2009 Order of Partial Dismisssal. (See D.E. #19).

1

Shelby County and CMS acted intentionally or negligently in connection with the care and treatment of Donald Cooper ("Mr. Cooper"). Mr. Cooper was an inmate at the Shelby County Jail, and Plaintiff alleges that he exhibited symptoms of "mental distress and thoughts of death" on April 18, 2006. Compl. ¶ 8. Plaintiff claims that Mr. Cooper "had communicated to Jailers that he believed the police had poisoned him with rat poison." Id. Plaintiff states that, "despite the indicators of mental instability, [Mr.] Cooper was not treated for mental illness or assessed for suicidal ideations or paranoia." Id. ¶ 9. Following this incident, Mr. Cooper was found "hanging from his cell." Id. ¶ 10. When he was "retrieved by several jailers," Plaintiff alleges that they used "excessive force and sprayed [him] with Chemical Irritant." Id.

Mr. Cooper was taken to the jail medical staff, who are alleged to be employed, supervised, and controlled by CMS, for evaluation and treatment. Id. ¶ 12. Plaintiff asserts that CMS failed to properly refer him to mental health professionals, failed to transport him to the appropriate mental health facility, and failed to take any other appropriate steps to stabilize his medical condition. Id. ¶ 13. Following his medical assessment, Mr. Cooper was placed in a new cell, Id. ¶ 14, where he was later found on the floor unresponsive, Id. ¶ 15. Plaintiff alleges that "CMS staff refused to take the vital signs," which she contends is a "breach of the standard of care and negligent on the part of CMS." Id. ¶¶ 16, 17. At some time after this incident, Mr. Cooper died.

When an autopsy was conducted, Plaintiff alleges that Mr. Cooper was found to have suffered blunt trauma to the head and neck, and Plaintiff alleges that the injuries to the neck were found to be the cause of death. Id. ¶¶ 19, 20.[2] According to the Complaint, Plaintiff states that "the inhalations of chemical irritant and physical restraint" contributed to his death and further that the

---

[2] The Court notes that Plaintiff's responses at her deposition state that "there's no answer" in the autopsy report as to Mr. Cooper's cause of death. Def.'s Reply, Ex. 2, at 80.

chemical irritant used on Mr. Cooper on the night of his death was past its expiration date.  Id. ¶¶ 20-21.  Additionally, Plaintiff alleges that the autopsy showed "multiple small round skin contusions of the neck" and "three discrete lesions on the right side of the neck and one on the left."  Id. ¶ 22. Plaintiff states that the round contusions are "consistent with human finger marks" and that they "created the blunt trauma to the neck."  Id. ¶ 23.  Plaintiff submits that Mr. Cooper "was strangled by a jailer," which she contends caused of his death.  Id. ¶ 24.

## II.  Procedural Background

In her Complaint, Plaintiff asserts five causes of action against Shelby County.  First, she contends that Shelby County was negligent in continuing to allow CMS to provide medical treatment to Plaintiff and others similarly situated "in light of known instances of prior negligence by Defendant CMS and its employees at the Jail."  Compl. ¶ 26.  Secondly, Plaintiff asserts a claim for relief under Tennessee Code Annotated Section 8-8-302 , alleging that Mr. Cooper was injured by deputies acting "by virtue of or under color of the office of the sheriff."  Id. ¶ 29.  Third, Plaintiff asserts a claim for relief under 42 U.S.C. § 1983 for deprivation of rights, privileges, and immunities guaranteed under the Eighth and Fourteenth Amendments of the United States Constitution.  Id. ¶ 31.  Fourth, Plaintiff asserts that Shelby County and CMS engaged in intentional and outrageous conduct warranting an award of punitive damages.  Id. ¶¶ 36-37.  Fifth, Plaintiff asserts "all common law claims resulting from the negligent treatment of inmate Cooper," including but not limited to "the failure to report mental instability, failure to properly ensure the adequate treatment, care and diagnosis of Cooper, the failure to properly report and care for an obviously suicidal inmate, the use of excessive force, the use of an expired chemical irritant, the failure to observe and care for a suicidal inmate, and for the death of Donald Cooper."  Id. ¶¶ 39-40.

Additionally, Plaintiff asserts claims against CMS. First, Plaintiff alleges that CMS violated 42 U.S.C. § 1983 by acting "in deliberate indifference to the health and welfare of Cooper by failing to provide him with necessary medical care, diagnosis and treatment, despite having specific knowledge of his need." Id. ¶ 42. Further, Plaintiff alleges that CMS "intentionally refused to check the vital signs of Donald Cooper, and as such, refused him necessary diagnosis, and deprived him the right to necessary medical treatment." Id. ¶ 44. Plaintiff argues that the death of Mr. Cooper is a direct and proximate result of CMS's acts, and such outrageous and intentional conduct warrants an award of punitive damages. Id. ¶¶ 45-46.

On February 5, 2009, District Judge S. Thomas Anderson entered an Order of Partial Dismissal. This Order dismissed Plaintiff's Section 1983 claims under the Eighth Amendment, Plaintiff's claims pursuant to Tennessee Code Annotated Section 8-8-302, and Plaintiff's claim for punitive damages against Shelby County.

On July 20, 2009, Defendants' filed a Motion to Compel asserting that Plaintiff had failed to timely and adequately respond to the First Set of Interrogatories and Requests for Production filed by CMS and Shelby County. Plaintiff did not respond to the motion as required by Local Rule 7.2, and the Court granted Defendants' Motion to Compel for failure to respond.[3]

On September 24, 2009, CMS and Shelby County filed the instant Joint Motion to Dismiss, which was referred to United States Magistrate Judge Charmiane G. Claxton. The motion seeks dismissal of Plaintiff's Complaint on the following bases: (1) failure to disclose an expert witness in accordance with the deadlines set forth in the Court's January 15, 2009 Scheduling Order; (2)

---

[3] Upon motion of Shelby County, the Court clarified its Order Granting Motion to Compel on August 21, 2009, to reflect that it pertained to the discovery requests of both CMS and Shelby County. Further, the Court set a September 3, 2009 deadline for Plaintiff's compliance with the Court's order.

4

failure to comply with the Court's Order Granting Defendants' Motion to Compel, which was later clarified by the Court and warned that "failure to comply could result in sanctions in accordance with Rule 37(b)(2) of the Federal Rules of Civil Procedure."   (See D.E. #27).   In addition, Defendants seek attorneys' fees and reasonable expenses.

After receiving an extension of time to file a response, Plaintiff filed two documents entitled "Plaintiff's Response to the Joint Defendants' Motion to Dismiss Pursuant to Rules 37 and 41" on December 18, 2009.  (See D.E. #39, 40).  First, Plaintiff asserts that the Court should consider less severe sanctions than dismissal.  Pl.'s Resp. at 2.  Next, Plaintiff argues that Defendants' Joint Motion to Dismiss is not made in good faith because Defendants omitted Plaintiff's acts of cooperation in the discovery process and because CMS itself failed to comply with the discovery deadline set in the Scheduling Order by failing to timely file its Initial Disclosures.[4]  Id. at 2-4. Finally, Plaintiff argues that, despite the acknowledged discovery difficulties in this case, Plaintiff's conduct does not meet the standard for dismissal under Rule 37.[5]  Id. at 4-9.  Namely, Plaintiff asserts that her conduct has not evidenced willfulness, bad faith or fault, that no prejudice has resulted, that she was not warned that failure to cooperate could lead to dismissal, and that no lesser sanctions were previously imposed or considered.  Id.

On January 5, 2010, after obtaining leave of court, Defendants filed a Joint Reply to

---

[4]  Plaintiff filed a Motion to Compel CMS's Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on December 21, 2009.  (D.E. #42).  CMS responded that it properly complied with Rule 26(a)(1).  (D.E. ## 43-44).  Plaintiff's Motion to Compel was referred to United States Magistrate Judge Charmiane G. Claxton, who held a hearing on January 11, 2010.  At the hearing, the parties advised the Court that they had resolved the issues presented in Plaintiff's Motion to Compel.

[5]  While Plaintiff's Response does address Defendants' request for dismissal pursuant to Rule 37, Plaintiff's Response does not specifically address Defendants' request for dismissal pursuant to Rule 41.  However, as the standard for dismissal under Rules 37 and 41 requires a balancing of the same four factors, see infra, the Court will consider Plaintiff's arguments regarding dismissal under Rule 37 also in its consideration of dismissal under Rule 41.

Plaintiff's Response to the Joint Motion to Dismiss. As to Plaintiff's assertions that she has actively participated in the discovery process, including attending her deposition, Defendants state that partial compliance does not excuse any failure to fully comply with discovery, especially in light of the Court's order compelling responses to Defendants' First Set of Interrogatories and Requests for Production. Def.'s Joint Reply at 3-12. Additionally, Defendants assert that the instant Motion to Dismiss was made in good faith and that Plaintiff's conduct warrants dismissal. Id. at 12-16.

### III. Analysis

Under Rule 37(b) of the Federal Rules of Civil Procedure, failure to "obey an order to provide or permit discovery" may result in sanctions. Fed. R. Civ. P. 37(b)(2)(A). The court may enter any just order, including as follows:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party;
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed, R, Civ. P. 37(b)(2)(A)(i)-(vii).

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Further, Rule 41(b) provides that "[u]nless the order states otherwise, a dismissal

under this subdivision . . . operates as an adjudication on the merits."  The authority to involuntarily dismiss a case "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on tax-supported courts and opposing parties."  Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).  District courts are afforded "substantial discretion in determining whether dismissal is appropriate."  Id.

The Sixth Circuit has enumerated four factors to be considered when determining whether dismissal is proper under Rule 37(a) or Rule 41(b):

> (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001) (factors for Rule 41(b) dismissal); Regional Refuse Sys., Inc. V. Inland Reclamation Co., 842 F.2d 150, 154-55 (6th Cir. 1988) (factors for Rule 37(a) dismissal); see also Coleman v. Am. Red Cross, 23 F.3d 1091, n.1 (6th Cir.1994) (stating that factors for considering dismissal under Rule 37(a) and 41(b) are "largely the same"). Generally, none of these factors are outcome-determinative.  Furthermore, dismissal is considered to be the "sanction of last resort."  Bell v. Lakewood Eng'g & Mfg. Co., 15 F.3d 546, 552 (6th Cir. 1994).  However, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  Knoll, 176 F.3d at 363.

The Sixth Circuit has caution that dismissal is usually inappropriate where the failure to comply with discovery deadlines or court orders lies with the attorney.  Coleman v. Am. Red Cross, 23 F.3d 1091, 1094-95 (6th Cir. 1994); Vinci v. Consolidated Rail Corp., 927 F.2d 287, 287-88 (6th Cir. 1991); Patterson v. Township of Grand Blanc, 760 F.2d 686, 688 (6th Cir. 1985); Carter v. City

7

of Memphis, 636 F.2d 159, 161 (6th Cir. 1980).  The Sixth Circuit has held that "[s]trict compliance with orders of a district court is an important duty of counsel." Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1996).  Further, the Sixth Circuit has held that, when the fault lies primarily with counsel rather than the plaintiff, "an abuse of discretion occurs if the district court dismisses an action with prejudice." Freeland, 103 F.3d at 1277 (citing Carter, 636 F.2d at 161).  Instead, the court should consider less severe sanctions than dismissal to insure that an innocent party is not deprived of his or her day in court.  Id.

In the instant case, Plaintiff's counsel admits that "there have been difficulties with respect to discovery in this matter" but contends that Plaintiff has "maintained communication with Defendants, participated in the discovery process and has not simply ignored any Orders of the Court." Pl.'s Resp. at 3.  Upon review of Plaintiff's deposition transcript and Plaintiff's responses to Defendants' First Sets of Interrogatories and Requests for Production[6], the Court finds further substantiation that Plaintiff's counsel's characterization of discovery difficulties appears accurate. Specifically, Plaintiff states that her former co-Plaintiff, Shirley Varnell, had access to much of the information requested by Defendants.  At Plaintiff's deposition, she stated that she did not recall receiving the Notice of Deposition, which requested that she bring certain documents to her deposition, and that she did not bring any such documents because she was not aware of the request. When asked about her responses to the written discovery requests filed by Defendants, Plaintiff repeatedly stated that she was not certain which documents she assisted in and again reiterated that

---

[6]  Plaintiff's Responses to Defendant CMS's First Set of Interrogatories and Requests for Production is attached as an Exhibit to LaQuinta Cooper's Deposition, which was filed as Exhibit 2 to Defendants' Reply in Support of their Motion to Dismiss (See D.E. #49, Ex. 2).  Plaintiff's Responses to Defendant Shelby County's First Set of Interrogatories and Requests for Production was made part of the record as Exhibit 2 to Defendants' Motion to Compel (See D.E. #23, Ex. 2).

Shirley Varnell would likely have the information sought.  Further, Plaintiff did not appear to fully understand why Defendants requested a medical release for Mr. Cooper's medical records and refused to sign such a release until she consulted with her counsel.

In addition to the difficulties in obtaining information from Plaintiff, the record reflects further difficulties with respect to the deposition of Varnell.  While Cooper and Varnell both arrived for their scheduled depositions, Varnell and Cooper left together following Cooper's deposition—before Varnell's deposition occurred.  Yet even in this situation, Plaintiff's counsel admitted that he "didn't communicate to Ms. Varnell that she needed to be back" for her deposition and stated that he believed that "Ms. Cooper was going to communicate that to her" but did not "have knowledge if she did that or not."  Def.'s Reply, Ex. 2, at 4.

However, despite these complications in the discovery process, the Sixth Circuit has held that the ultimate responsibility lies with Plaintiff's counsel to comply with orders of the Court.  See Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1996).  In this matter, Plaintiff's counsel failed to respond to Defendants' First Set of Interrogatories and Requests for Production in accordance with the requirements of the Federal Rules of Civil Procedure.  Defendants agreed to allow Plaintiff to comply at a later date, and at that time, Plaintiff's counsel produced unsigned and unsworn responses, many of which were incomplete, including no responses whatsoever to the Requests for Production.  After Defendants' filed a Motion to Compel, Plaintiff's counsel failed to respond to the motion as required by Local Rule 7.2.  As a result of Plaintiff's counsel's failure to respond, the Court granted Defendants' Motion to Compel and ordered Plaintiff to respond to the discovery requests.  Plaintiff's counsel did not respond to the Court's Order at any time before Defendants' filed the instant Motion to Dismiss.  Finally, even after the instant Motion to Dismiss was filed,

9

Plaintiff's counsel has not provided any further responses or supplemental discovery.

At no point during this process did Plaintiff's counsel notify the Court of any difficulties that would prohibit him from complying with the Court's order. Plaintiff's counsel did not request any modifications to the Court's Scheduling Order, and Plaintiff's counsel did not request any other extensions to fully respond to discovery. Therefore, as the responsibility to comply with the Court's orders lies with counsel and Plaintiff's counsel has failed to do so in this case, the Court finds that a sanction less severe than dismissal is warranted in this case. Because the Court finds that Plaintiff's attorney should bear the penalty for failure to comply with the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules, the Court RECOMMENDS that Plaintiff's counsel be required to pay the attorney's fees and reasonable expenses associated with the instant motion. Further, the Court RECOMMENDS that Defendants submit an affidavit of their attorneys' fees and expenses associated with the instant motion within seven days of the entry of this order, and that Plaintiff file any objections to the Defendants' affidavit within seven days of the affidavit's filing. Finally, the Court RECOMMENDS that Plaintiff and her counsel be warned that further failures to comply may result in more severe sanctions, including the sanction of dismissal of Plaintiff's Complaint.

### IV. Conclusion

For the reasons set forth herein, the Court RECOMMENDS that Defendants' Joint Motion to Dismiss be DENIED.

**IT IS SO ORDERED** this 16th day of February, 2010.

10

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**