IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **LAQUITA COOPER, individually** | ) | |
| **and as Daughter and next friend of** | ) | |
| **Donald Cooper,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 07-2283-STA-cgc |
| | ) | |
| | ) | |
| **SHELBY COUNTY, TENNESSEE,** | ) | |
| **And CORRECTIONAL MEDICAL** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER AWARDING ATTORNEYS FEES**
_____

Before the Court is the Defendants' Joint Motion to Dismiss (D.E. # 28), filed on September 29, 2010. The Magistrate Judge recommended that Defendants' Motion be denied but that counsel for Plaintiff be ordered to pay Defendants' attorneys fees incurred as a result of the Motion. Neither Defendant has filed timely objections to the Magistrate Judge's Report and Recommendation that the motion be denied. Counsel for each Defendant did file an affidavit of fees (D.E. # 56, 58). For her part, Plaintiff did not object to the Magistrate Judge's recommendation that Defendants' motion be denied, nor has Plaintiff objected to the Magistrate Judge's recommendation that counsel for Plaintiff be sanctioned. Having reviewed the Magistrate Judge's report and recommendation de novo, and the entire record of the proceeding, the Court hereby **ADOPTS** the Magistrate Judge's recommendation and **DENIES** Defendants' Motion to Dismiss. The Court further **ADOPTS** the Magistrate Judge's Recommendation that counsel for Plaintiff be required to pay the attorney's fees and reasonable expenses associated with the motion. Finally, the Court **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff and her counsel be warned that further failures to comply may result in more severe sanctions, including the sanction of dismissal of Plaintiff's Complaint.

Plaintiff's only objection concerns the amount of attorneys fees sought by Defendants. According to Plaintiff, the fees are excessive both in the number of hours Defendants claim to have expended on the motion to

1

dismiss as well as the hourly rate billed by one of the attorneys. Defendants seek $7,435.00 in fees for 39.2 hours of work relating to the motion. Plaintiff argues that the motion to dismiss was a joint motion. As a result, the billing on the motion reflects duplication of effort by counsel. For example, one attorney spent 4.6 hours preparing the motion on September 16, 2009, and then another attorney billed 3 hours for drafting the motion on the following day. Furthermore, counsel for Shelby County claims 6 hours for the preparation of a reply brief on December 29, 2009, while counsel for CMS billed 7.3 hours for drafting a reply on December 30 and then another 5.6 hours for revision on December 31. The Court notes that all Defendants filed a single reply brief (D.E. # 49) on January 5, 2010. Plaintiff contends that Defendants should only be awarded fees for the preparation of the motion itself, not the reply brief. Finally, Plaintiff challenges the $225.00 hourly rate claimed by counsel for Shelby County, an employee of Shelby County and not an attorney in private practice. Therefore, Plaintiff requests that the Court examine the billing records *in camera* and/or reduce the fees to a reasonable amount.

Rule 37(b) of the Federal Rules of Civil Procedure provides that where a party fails to obey an order of the Court compelling disclosure or discovery, the court may "make such orders in regard to the failure as are just," including the payment of reasonable expenses, including attorneys fees.[1] "Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders."[2] When awarding attorneys fees, the Court should exclude from its calculation hours that are "excessive, redundant, or otherwise unnecessary."[3] The Sixth Circuit has recognized that such duplication can be difficult to measure.[4] Where a court finds duplication in the hours claimed, the court "may take such duplication into account by making a simple across-the-board reduction by a certain percentage."[5]

Applying these principles to Defendants' requests for fees in this case, the Court finds that some of the

---

[1] Fed. R. Civ. Pro. 37(b)(2).

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980).

[3] *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983).

[4] *Coulter v. State of Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986).

[5] Hudson v. Reno 130 F.3d 1193, 1209 (C.A.6 (Tenn.),1997)

hours billed are duplicative, particularly the amount of time billed for preparation of the motion and the reply brief. Based on the affidavits submitted, three different attorneys worked on the motion to dismiss and billed a total of 7.6 hours for drafting the motion. The Court disagrees with Plaintiff's argument that counsel for Defendants should not be permitted to recover for the preparation of a reply brief. However, the Court believes that the 22.3 hours attributed to the reply brief are clearly excessive and duplicative. What is less clear is how much of the total time spent in preparation of the motion to dismiss and the reply brief was a duplication of effort among counsel for the Defendants. The Court will, therefore, reduce the total fee amount sought by twenty percent (20%). Counsel for Plaintiff will be required then to pay sanctions in connection with the motion to dismiss in the amount of $5,948.00. Counsel shall have thirty (30) days in which to satisfy the obligation.

**IT IS SO ORDERED**.

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: March 22nd, 2010.