**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **LAQUITA COOPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-2283-STA-cgc** |
| | ) | |
| **SHELBY COUNTY, TENNESSEE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING**
**PLAINTIFF'S MOTION FOR EXTENSION**

---

Before the Court is Plaintiff's Appeal of the Magistrate Judge's Order Denying Plaintiff's

Motion for Extension (D.E. # 73) filed on April 8, 2010.  For the reasons set forth below, the

Magistrate Judge's Order is **AFFIRMED**.

## BACKGROUND

Plaintiff has alleged that Defendants are liable for the death of her father Donald Cooper

at the Shelby County Jail in 2006.  Her Complaint includes claims pursuant to § 1983 and

Tennessee state law.  The Magistrate Judge set forth the facts in her Order as follows: on

February 19, 2010, Plaintiff filed a motion to extend the deadline for expert disclosures (D.E.

#55).  The Rule 16(b) Scheduling Order set Plaintiff's deadline for expert disclosures as

September 15, 2009. (D.E. #17)  The Plaintiff failed to disclose her experts on or before that

date, and she failed to move for any extension of time to disclose her expert witnesses before the

deadline expired.  The Defendants filed Responses in opposition to the motion, (D.E. #57; 61),

1

and the matter was referred to the United States Magistrate Judge for determination. (D.E. #59). A hearing was held on March 15, 2010, before the Honorable Charmiane G. Claxton.  The Magistrate Judge denied Plaintiff's Motion from the bench, and her written Order issued on March 25, 2010.

Plaintiff filed timely objections (D.E. # 73) to the Magistrate Judge's Order on April 8, 2010.  Plaintiff argues that the Court should review the Magistrate Judge's Order under a de novo standard of review rather than the clearly erroneous and contrary to law standard. According to Plaintiff, the Magistrate Judge has effectively precluded Plaintiff from presenting an expert witness in support of her claims, and so the Court should treat her Order as dispositive. Among her objections, Plaintiff first argues that the Magistrate Judge erred by not considering Plaintiff's  motion to set a scheduling conference, which was requested in conjunction with Plaintiff's motion to extend the expert disclosure deadline.  Even though the Magistrate Judge denied the motion to extend the deadline, Plaintiff argues that the Magistrate Judge should have also considered the request for a scheduling conference.

Second, Plaintiff asserts that the Magistrate Judge should not have relied on Rule 6's excusable neglect standard.  Third, even if Rule 6's excusable neglect standard is controlling, Plaintiff contends that she has shown excusable neglect.  The Magistrate Judge correctly found that the first equitable factor favored Plaintiff in that Plaintiff did not act for an improper purpose.  The Magistrate Judge, however, erred in finding prejudice to Defendant, the second factor.  Plaintiff contends that the Magistrate Judge relied on the upcoming trial setting as a basis for finding prejudice even though the Magistrate Judge had authority to continue the trial date and should have done so.  The third factor, length of the delay, also weighs in favor of finding

2

excusable neglect.  While there was a span of five months between the deadline and Plaintiff's motion to extend it, the parties brought the issue to the Court's attention much sooner.  Plaintiff cites her response to Defendants' joint motion to dismiss and other briefs in which the passing of the deadline was cited by the parties and Plaintiff indicated her intention to move to extend the deadline.   The fourth factor, the reason for the delay, included counsel for Plaintiff's workload and schedule.  Plaintiff argues that the Magistrate Judge erred in finding that counsel's inadvertence was the only reason for the delay.  Rather counsel for Plaintiff "did not believe it was necessary to file a motion to extend the deadline because the issue was squarely before the Court" in Defendants' joint motion to dismiss.  Plaintiff admits that the fifth and final equitable factor, whether the delay was within the control of Plaintiff, does not favor a finding of excusable neglect.  Therefore, Plaintiff contends that the Magistrate Judge erred by not finding excusable neglect.

Plaintiff next argues that counsel for Plaintiff was already sanctioned for failure to comply with previous orders of the Court, including failure to disclose her experts.  As a result, Plaintiff believes that she is "being punished twice without warning and without any opportunity to correct the situation."  Plaintiff characterizes the Magistrate Judge's Order as a sanction and analyzes the issue under Rule 37.  Plaintiff urges the Court to consider a "less drastic sanction" without actually proposing what that sanction would be.

## **STANDARD OF REVIEW**

Plaintiff has filed timely objections to the Magistrate Judge's Order.  Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as discovery motions like Plaintiff's

motion to extend the expert disclosure deadline.[1]  Fed. R. Civ. P. 72(a) states that a district judge

shall consider objections to a magistrate judge's order on a nondispositive matter and "shall

modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or

contrary to law."[2]  "When examining legal conclusions under the 'contrary to law' standard, the

Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of

law, as found in the Constitution, statutes, or case precedent.'"[3]

Plaintiff has argued that the Court should review the Magistrate Judge's Order under the

de novo standard of review for dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(C).  The

Court holds, however, that the Magistrate Judge's Order is non-dispositive in nature.  In

recognition of the fact that "the list of dispositive motions contained in § 636(b)(1)(A) is

nonexhaustive," the Sixth Circuit has employed a functional equivalence analysis to determine

whether a motion is dispositive or non-dispositive for purposes of review of a Magistrate Judge's

decision.[4]  Under this approach, the Court must examine "the motion's potential effect on

litigation."[5]  Any motion not listed as dispositive in § 636(b)(1)(A) but functionally equivalent to

---

[1] *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)).  *See also* 28 U.S.C. § 636(b)(1)(A).

[2] Fed. R. Civ. P. 72(a); *Bell v. International Broth. of Teamsters*, 1997 WL 103320, at *4 (6th Cir. 1997).

[3] *Doe v. Aramark Educational Resources, Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)).  *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

[4] *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001).

[5] *Id.*

4

a dispositive motion is deemed dispositive.

The Court finds that the Magistrate Judge's Order did not function to dispose of any of Plaintiff's claims against either Defendant. The Magistrate Judge's Order does not prevent Plaintiff from pursuing her claims but only from presenting expert proof to support her claims. Plaintiff argues that the Magistrate Judge's ruling has forced her to prove that hers is the rare case where expert testimony is not required to make out her § 1983 claim for deliberate indifference to a serious medical need or her claim for medical malpractice under Tennessee law. However, the Court holds that Plaintiff's Complaint does not include a claim for medical malpractice. And Plaintiff has filed a brief in this matter arguing that the Sixth Circuit does not require expert proof to prove a § 1983 claim for deliberate indifference. Therefore, the Magistrate Judge's decision not to grant Plaintiff more time to disclose an expert witness is not dispositive of any claim in this case.

Furthermore, Plaintiff has failed to cite any binding case law for the proposition that a ruling on a discovery deadline, even one denying the party additional time to disclose an expert witness, is dispositive of a claim. None of the Sixth Circuit cases Plaintiff has cited address the issue presented, and each case is clearly distinguishable.[6] Plaintiff has cited one case directly on point where a district court did hold that a Magistrate Judge's decision not to extend the time to

---

[6] *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992) (holding that motion to realign the parties, which "would automatically either destroy or preserve diversity jurisdiction," was "in effect a dispositive ruling"); *Curtis*, 237 F.3d at 598 (probable cause determination in context of revoking supervised release functionally non-dispositive); *Vogel*, 258 F.3d at 514-15 (holding that motion to remand was functionally dispositive); *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (motion to proceed in forma pauperis was functional equivalent of involuntary dismissal).

disclose an expert was dispositive.[7]  The Court notes that many more jurisdictions have reached

the opposite conclusion.[8]  As a result, the Court finds that the Magistrate Judge's decision

denying Plaintiff's motion to extend the deadline to disclose expert witnesses was not dispositive

of Plaintiff's claims.  Therefore, the Court will apply the clearly erroneous and contrary to law

standard of review to the Magistrate Judge's Order.

## ANALYSIS

## I.     The Magistrate Judge's Failure to Grant a New Scheduling Conference

Plaintiff's first assignment of error is the Magistrate Judge's decision not to address

Plaintiff's request for a new scheduling conference.  The Court finds that Plaintiff's objection is

without merit.  Plaintiff's motion to extend deadlines (D.E. # 55) was exclusively addressed to

Plaintiff's need for additional time in which to name her expert witness.  In her motion Plaintiff

noted her original deadline for disclosing Rule 26 expert information.  Plaintiff argued that

during briefing on Defendants' joint motion to dismiss, Plaintiff stated her intention to seek an

extension of time for the purpose of disclosing her expert.  The motion went on to assert that

---

[7] *Li Yang v. Brown University*, 149 F.R.D. 440 (D.R.I.. 1993).

[8] *E.g. Sansalone v. Bon Secours Charity Health System, Inc.*, No. 05-8606, 2009 WL 1649597, at *1 (S.D.N.Y. Jun. 11, 2009) (citing other cases from S.D.N.Y.); *Villafana v. Auto-Owners Ins.*, No. 06-0684, 2007 WL 1810513, at *1 (S.D. Ala. June 22, 2007); *Benedict v. Zimmer, Inc.*, 232 F.R.D. 305, 313-14 (N.D. Iowa 2005) (collecting cases from the First, Second, Third, Eighth, and Tenth Circuits for the proposition that discovery motions such as a motion for leave to provide expert reports are non-dispositive) (citations omitted); *Circle R, Inc. v. Trail King Industries, Inc.*, No. 98-281,1999 WL 33963992, at * 1 (D. Neb. Dec. 29, 1999); *Cook v. Rockwell International Corp.*, 147 F.R.D. 237, 243-44 (D. Colo.1993).  *See also Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 179 F.R.D. 450, 456 (D.N.J. 1998) ("I review a magistrate judge's evidentiary determinations regarding expert testimony, even where they may ultimately affect the outcome of a claim or defense, as non-dispositive orders entered pursuant to 28 U .S.C. § 636(b)(1)(A).").

6

good cause to extend the expert deadline existed.  It was for that purpose that Plaintiff's motion also sought a scheduling conference.  The Court finds that once the Magistrate Judge decided that Plaintiff could not show excusable neglect for failing to move for the extension prior to the deadline, the Magistrate Judge had no reason to grant Plaintiff a scheduling conference. Therefore, the Magistrate Judge did not err in failing to conduct a scheduling conference after denying Plaintiff's motion to extend deadlines.[9]

## II.   The Magistrate Judge's Reliance on Rule 6's Excusable Neglect Standard

Plaintiff's second assignment of error in the Order is the Magistrate Judge's reliance on Rule 6's excusable neglect standard of review.  Plaintiff argues that the Magistrate Judge erred "by focusing entirely on Rule 6(b)(1)(B), and not other standards which were more directly related to the motion at hand."  Plaintiff does not indicate what these "other standards" are or why the Magistrate Judge should have applied them in lieu of Rule 6's excusable neglect standard.  Indeed, the Court finds Plaintiff's argument misplaced.  The Sixth Circuit has repeatedly held, and in cases Plaintiff has cited in her brief, that whether to grant a party an enlargement of time is a matter committed to the district court's discretion pursuant to Rule 6.[10] Fed. R. Civ. P. 6(b) governs extensions of time and provides that "the court may, for good cause,

---

[9] Plaintiff's contention that the Magistrate Judge had authority to continue the trial setting in this case is likewise unfounded.  That issue was not before the Magistrate Judge.  Plaintiff did not seek a continuance in its motion for extension, and the Court did not include that question in its order of reference.  More fundamentally, the judges of this District do not *sua sponte* continue trial dates set by other judges.  Therefore, the Court finds that the Magistrate Judge acted properly in declining to consider re-setting the trial date, which is currently May 17, 2010.

[10] *E.g. Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006); *Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005).

extend the time with or without motion… if a request is made before the original time or its extension expires."[11]  After the expiration of a deadline, the court may extend the time only "if the party failed to act because of excusable neglect."[12]  Plaintiff does not dispute that her motion was filed long after the deadline for expert disclosures had passed in this case.  Therefore, the Court holds that the Magistrate Judge did not err by analyzing Plaintiff's motion under Rule 6 and the excusable neglect standard.

**III.    The Magistrate Judge's Finding That Plaintiff Could Not Show Excusable Neglect**

Plaintiff's third assignment of error is that even if excusable neglect was the proper standard, the Magistrate Judge should have found that Plaintiff could demonstrate excusable neglect.  The Court disagrees.

Having determined that Plaintiff was required to show excusable neglect, the Magistrate Judge properly considered the equitable factors to find that Plaintiff could not make this showing.  The Sixth Circuit has set forth a two-step inquiry for analyzing excusable neglect.[13]  First, a moving party must show that the failure to meet a deadline was a case of neglect.[14]  "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness."[15] Second, the moving party must show that

---

[11] Fed. R. Civ. P. 6(b); *Turner*, 412 F.3d at 650.

[12] Fed. R. Civ. P. 6(b)(B); *Turner*, 412 F.3d at 650.

[13] *Turner*, 412 F.3d at 650.

[14] *Id.*

[15] *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74, (1993)).

the failure to act was excusable.[16]  "The determination of whether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. . . includ[ing]. . . the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[17]

The Court finds no error in the Magistrate Judge's conclusion that the balance of the factors weighed against a finding of excusable neglect.  The Magistrate Judge concluded and Plaintiff does not dispute that this is a case of neglect.  Plaintiff's attorney simply failed to disclose an expert by the original deadline, which was September 15, 2009.[18]  The Magistrate Judge then went on to consider the relevant circumstances including the specific equitable factors listed above to determine whether Plaintiff's neglect was excusable.

As an initial matter, the Court notes that the Magistrate Judge's Order did not consider one of the "relevant circumstances surrounding the party's omission,"namely, other instances in this case where Plaintiff failed to meet a deadline.  Failures to meet deadlines should not be considered in isolation.[19]  Rather the Sixth Circuit has found that it is proper to consider all such

---

[16] *Id.*

[17] *Id.*

[18] Scheduling Order, Jan. 15, 2009.

[19] *Nafziger*, 467 F.3d at 522-523 ("the district court's excusable-neglect analysis necessarily encompassed at least two, not one, instances of neglect: *both* the "two day inadvertent mistake" regarding the November 24, 2004 deadline *and* the subsequent 37-day delay in filing the motion to accept the late-filed amended complaint.  The district court, in accordance with *Pioneer*'s command, properly considered these last two instances of neglect not

9

instances when a party attempts to show excusable neglect.  In the case at bar, Plaintiff has repeatedly failed to meet deadlines.  Plaintiff failed to file a timely response, as required by Local Rules, to Shelby County's motion to stay the case pending a criminal investigation.[20] After the case was re-opened on November 25, 2008, and a scheduling order was entered on January 15, 2009, Shelby County filed a motion for partial dismissal, to which Plaintiff also failed to timely respond.[21]  On July 22, 2009, Defendant Correctional Medical Services ("CMS") filed a motion to compel, to which Plaintiff failed to file a response as required by Local Rules.[22]  It appears to the Court that Plaintiff's first timely response to any motion since the case was re-opened was her response in opposition to Defendants' joint motion to dismiss under Rule 37 for Plaintiff's failure to comply with the Court's previous order granting the motion to compel.[23] Accordingly, Plaintiff's failure to meet the deadline for expert disclosure is not the first time that Plaintiff has failed to meet a deadline in this case.  Therefore, the Court finds that this factor weighs against Plaintiff.

As for the rest of the equitable factors, the Court finds no error in the Magistrate Judge's

---

in isolation, but by 'taking account of all relevant circumstances surrounding the party's omission'").

[20] Shelby County's Motion to Stay the Proceedings and Administratively Close the Case Pending Criminal Investigation, June 6, 2007 (D.E. # 3).

[21] Shelby County's Motion for Partial Dismissal, Dec. 10, 2008 (D.E. # 13).  The Court granted Shelby County's motion by Order dated February 5, 2009 (D.E. # 18).

[22] CMS's Motion to Compel, July 20, 2009 (D.E. # 23).  The Magistrate Judge granted CMS's motion by Order dated August 7, 2009 (D.E. # 25).

[23] Defendants' motion was filed on September 24, 2009 (D.E. # 28), and Plaintiff responded on December 18, 2009, after obtaining an extension of time.  The Court adopted the recommendation of the Magistrate Judge that the motion to dismiss be denied.

analysis.  First, the Magistrate Judge concluded that Plaintiff has acted in good faith which favors Plaintiff.  Second, the Magistrate Judge correctly found that Plaintiff's delay has prejudiced Defendants due to the upcoming trial date.[24]  Not only has Plaintiff's delay with respect to the expert disclosure prejudiced Defendants, but Plaintiff's repeated pattern of delay and failure to meet deadlines has forced Defendants to incur additional expense and difficulty in preparing this case for trial.  Third, the Magistrate Judge did not err in determining that the length of Plaintiff's delay weighed against her.  The deadline for expert disclosures was September 15, 2009, and Plaintiff filed her motion to extend the deadline on February 19, 2010, more than five months after the deadline passed.  Plaintiff argues that the actual delay was much shorter because the parties brought the passing of the deadline to the Court's attention much earlier, for example, in Defendants' joint motion to dismiss.  However, the Court's awareness of the deadline passing is irrelevant.  In fact, Plaintiff's argument begs the question why the motion for extension was not filed much sooner.  Furthermore, Plaintiff fails to address how the delay impacted the judicial proceedings, the other equitable inquiry under the "length of the delay" factor.  The Sixth Circuit has upheld a finding that a delay of as little as three weeks had a "significant impact on the judicial proceedings" where the delay "interfered with the district court's ability to expediently resolve the summary judgment motion prior to trial."[25]  Here Plaintiff's motion for extension was only filed after Defendants filed a joint motion to dismiss addressing in part Plaintiff's repeated failures to meet discovery obligations as well as after

---

[24] The Court has already rejected Plaintiff's argument that the Magistrate Judge should have continued the trial date.  *See* note 9.

[25] *Howard v. Nationwide Property and Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009).

11

Defendant CMS filed a motion for summary judgment arguing that Plaintiff could not prove her case without an expert.  Clearly, Plaintiff's delay of five months in actually placing the issue of extending the expert disclosure deadline before the Court has had a significant impact on the orderly procession of this case.[26]  Thus, the Magistrate Judge properly concluded that this factor weighed against Plaintiff.

Fourth, the Magistrate Judge correctly found that the reason for the delay weighed against Plaintiff.  The Sixth Circuit has held that this factor has the greatest importance and is always critical to the Court's inquiry.[27]  Attorney error or inadvertence will not ordinarily support a finding of excusable neglect.[28]  Here the Magistrate Judge found that Plaintiff's proffered reason, counsel's workload and schedule, amounted to mere attorney inadvertence.  Plaintiff objects that the Magistrate Judge also heard evidence that counsel chose not file a motion due to the "obvious fact that he did not believe it was necessary to file a motion to extend the deadline because the issue was squarely before the Court" in Defendants' joint motion to dismiss.  The Court finds this argument unavailing.  Although it is true that a motion for extension would have been moot had the Court granted Defendants' motion to dismiss, the only proper manner of putting the issue "squarely before the Court" was to make a motion for an

---

[26] What is more, even after the passage of so much time since the original expert disclosure deadline, Plaintiff still is not prepared to disclose the identity of her expert.  Rather Plaintiff seeks more time in which to find an expert, thus, exacerbating the delay brought on by Plaintiff's failure to act before now.

[27] *Morgan*, 165 F. App'x at 429 (citing *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5 (1st Cir.2001)).

[28] *Morgan*, 165 F. App'x at 429-30 (describing the district court's analysis as "incomplete" and "deficient" where the lower court failed to recognize that attorney inadvertence weighed against finding that the neglect was excusable).

extension pursuant to Rule 7(b)(1).[29]  Furthermore, when Plaintiff did actually file a proper

motion for the extension, the motion itself was barely more than two pages.  Thus, even if the

motion was potentially moot, as Plaintiff argues, the motion was not one which would require an

inordinate amount of time or resources to prepare and file.  The Court finds that the better

practice would have been to file the motion for extension as soon as Plaintiff realized that the

deadline has passed.[30]  As a result, the Court finds that the reason for the delay also weighs

against Plaintiff.

The fifth and final factor, that the delay was within the control of Plaintiff, is admitted in

this case.  Therefore, the Court holds that the Magistrate Judge did not err in holding that

Plaintiff could not demonstrate excusable neglect for her failure to seek an extension of the

expert disclosure deadline.  Four of the five equitable factors as well as Plaintiff's repeated

failures to meet other deadlines weigh against Plaintiff.  Under the circumstances it was not

clearly erroneous or contrary to law for the Magistrate Judge to hold that Plaintiff's neglect was

not excusable.

## IV.    Plaintiff's Other Arguments

Plaintiff argues that counsel was already sanctioned as a result of Defendants' joint

motion to dismiss for counsel's failure to comply with the Court's discovery deadlines.  Plaintiff

contends that she is essentially "being punished twice without warning and without any

---

[29] Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.  The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought.").

[30] *Morgan*, 165 F. App'x at 430 (crediting moving parties with acting "to remedy their mistake as soon as they became aware of it").

opportunity to correct the situation." The Court finds that counsel was sanctioned primarily because counsel violated the Court's August 7, 2009 order granting Defendants' motion to compel Plaintiff's responses to discovery.[31]  Even though Plaintiff's failure to provide expert disclosures was mentioned once in the Magistrate Judge's Report and Recommendation, the Magistrate Judge recommended the monetary sanction for counsel's repeated failures to respond to discovery requests.  Furthermore, it is well-settled that "clients must be held accountable for the acts and omissions of their attorneys."[32]  Therefore, the Court finds that Plaintiff is not being sanctioned twice for the same omission.

Plaintiff next argues that the Magistrate Judge should have considered sanctions less drastic than denying her motion.  The Court rejects this assignment of error because the Magistrate Judge's Order was not a sanction.  The issue before the Magistrate Judge was whether the equities favored granting Plaintiff additional time in which to disclose her expert witness.  The Magistrate Judge correctly applied Rule 6 and concluded that Plaintiff could not show excusable neglect.  It cannot be said then that the Magistrate Judge's decision was a sanction.  Additionally, the Court has already held that the Magistrate Judge's Order was not dispositive of any of Plaintiff's claims.

Finally, Plaintiff has cited for support this Court's order in *1704 Farmington, et al. v. City of Memphis*, No. 08-2171-STA (W.D. Tenn. 2009), where the Court permitted that defendant to

---

[31] Report & Recommendation to Deny Defendants' Joint Motion to Dismiss, 9-10 Feb. 16, 2010, adopted Mar. 22, 2010.

[32] *Pioneer Inv.*, 507 U.S. at 396-97.

amend its answer after the deadline for amending pleadings had long passed.[33]  The Court's findings in *Farmington* are clearly distinguishable from the facts of this case.  First, the Court was applying Rule 16(b)'s good cause standard for amending pleadings and not Rule 6's excusable neglect standard.  Second, the Court granted the defendant's motion to amend its answer on reconsideration and only after the defendant had briefed the relevant Rule 16(b) factors.  Most importantly, the Court found that the defendant could show good cause under Rule 16(b).  Consequently, Plaintiff's reliance on *Farmington* is misplaced.

## CONCLUSION

The Court holds that the Magistrate Judge's Order was neither clearly erroneous or contrary to law.  Therefore, the Order is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 28th, 2010.

---

[33] *1704 Farmington, et al. v. City of Memphis*, No. 08-2171-STA, 2009 WL 2065337 (W.D. Tenn. July 10, 2009).

15