IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| LAQUITA COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-2283-STA-cgc |
| ) | |
| SHELBY COUNTY, TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

---

**ORDER DENYING DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant Correctional Medical Services, Inc. ("CMS")'s Motion for Summary Judgment (D.E. # 52) filed on January 26, 2010. Plaintiff responded in opposition on April 13, 2010.[1] For the reasons set forth below, Defendant's Motion is **DENIED**.

**BACKGROUND**

The following facts are not in dispute for purposes of this Motion unless otherwise noted: on April 21, 2006, CMS contracted with Shelby County, Tennessee to provide medical care at the Shelby County Jail. (Def.'s Statement of Undisputed Facts ¶ 1) Plaintiff alleges in her Complaint that CMS failed to refer the decedent, Donald Cooper, to mental health professionals,

---

[1] On April 8, 2010, Plaintiff also filed a separate motion (D.E. # 71) for extension of time in which to respond to the Motion before the Court. Plaintiff sought additional time in light of her pending appeal of the Magistrate Judge's Order denying her motion for an extension to disclose expert witnesses. Because the Court affirms the Magistrate Judge's Order and because Plaintiff has now responded to the instant Motion, Plaintiff's motion for more time to respond to the Motion for Summary Judgment is **DENIED** as moot.

1

failed to order him transported to a mental health facility and otherwise failed to take steps to stabilize the decedent. (*Id.* ¶ 2)  Plaintiff further contends that CMS refused to take the decedent's vital signs, which refusal was a breach of the standard of care and negligent on the part of CMS. (*Id.* ¶ 3)

A Rule 16 Scheduling Order was entered in this cause on January 15, 2009 setting forth case specific deadlines.  (*Id.* ¶ 4)  Pursuant to the Rule 16 Scheduling Order, Plaintiff's deadline to disclose Rule 26 Expert Information was September 15, 2009.  (*Id.* ¶ 5)  Plaintiff did not disclose Rule 26 Expert Information on or before September 15, 2009.  (*Id.* ¶ 6) Plaintiff did not file a motion to extend her deadline to disclose experts prior to the expiration of the deadline on September 15, 2009, nor has she filed any motion to extend her deadline since it expired.  (*Id.* ¶ 7) Plaintiff disputes this fact and notes that since the filing of Defendant's Motion, Plaintiff did move to extend the deadline for expert disclosures.  Plaintiff has no competent expert proof against Defendant CMS. (*Id.* ¶ 8)  The Dispositive Motion deadline in this cause was February 1, 2010. (*Id.* ¶ 9)  Thus, CMS's Motion for Summary Judgment is timely.  (*Id.*)

In the Motion before the Court, Defendant CMS argues that it is entitled to summary judgment on Plaintiff's claim of medical malpractice due to Plaintiff's failure to offer expert proof of the standard of care.  CMS contends that Plaintiff's deadline for disclosing her expert witness has long passed precluding Plaintiff from offering an expert at trial.  Therefore, CMS argues that under Tennessee law, Plaintiff cannot make out her prima facie case of medical malpractice, and CMS is entitled to judgment as a matter of law.

In response, Plaintiff has argued that summary judgment as to CMS is not warranted. Plaintiff asserts that expert proof is not required to make out her § 1983 claim for deliberate

2

indifference. Where the need for medical treatment is obvious even to a layperson, Plaintiff argues that expert proof of the standard of care is not required. Plaintiff has produced a video recording of her father's last moments at the jail in support of her claim that his medical needs were so obvious that expert proof should not be required. Likewise, Plaintiff argues that CMS is not entitled to summary judgment on Plaintiff's claims for medical malpractice. Plaintiff states that she may present a prima facie case of medical malpractice under a *res ipsa loquitur* theory. The Tennessee courts have adopted this approach in medical malpractice cases where the fact-finder may infer negligence from the circumstances of the injury.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[3] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[5] These facts

---

[2] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

3

must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[6]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[7]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[8]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9]  Finally, the "judge may not make credibility determinations or weigh the evidence."[10]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[11]

## ANALYSIS

The Court holds that Defendant CMS is not entitled to summary judgment.  The Court begins by noting that CMS has sought summary judgment only as to Plaintiff's supposed claim of medical malpractice under Tennessee law.  However, the Court holds that Plaintiff has not

---

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id*. at 251-52 (1989).

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[11] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

stated a medical malpractice claim against CMS.  While it is true that one paragraph of the Complaint alleges that CMS staff breached the standard of care by not taking Donald Cooper's vital signs after he was found lying on the floor of his cell (Compl. ¶ 17), the Complaint contains a separate section titled "Causes of Action Against Correctional Medical Services." (¶¶ 41-46)  In that section, Plaintiff never alleges a cause of action for medical malpractice against CMS.  Rather Plaintiff refers to 42 U.S.C. § 1983 and uses the language of a federal civil rights claim: that CMS permitted an "official pattern, custom, and practice" that violated Cooper's rights under the Constitution (¶ 42); that CMS acted with "deliberate indifference to the health and welfare of Cooper" (¶ 42); that CMS has "systemic deficiencies" amounting to a "policies and customs" (¶ 43); that CMS "deprived [Cooper] the right to necessary medical treatment" (¶ 44); and that the "direct and proximate result of [CMS]'s acts is the death of Donald Cooper" (¶ 45).  The last allegation in this section states that CMS engaged in intentional and outrageous conduct entitling Plaintiff to an award of punitive damages.  (¶ 46)

Based on these allegations, the Court holds that Plaintiff has not stated a claim of medical malpractice against CMS.  "[A] complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[12]  In order to state a claim for medical malpractice under Tennessee law, Plaintiff must allege

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

---

[12] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003) (applying Fed. R. Civ. P. 12(b)(6)).  It is significant to point out that Defendant CMS has never filed a Rule 12(b) motion attacking Plaintiff's pleadings or otherwise placing at issue what claims were well-pled in Plaintiff's Complaint.

>    (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>    (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.[13]

Not only has Plaintiff failed to allege each of these elements,[14] it is also clear from Plaintiff's Complaint that her claim against CMS is a federal civil rights claim, not a medical malpractice claim. And even though Plaintiff's title "Causes of Action Against Correctional Medical Services" indicates that she has more than one claim against CMS, the additional claim is one for punitive damages, a claim which is permitted in a federal civil rights case under § 1983.[15] Likewise, this result is consistent with the Court's previous Order of Partial Dismissal, in which the Court stated that Plaintiff's Complaint "contains an additional allegation pursuant to Section 1983 against CMS."[16] Having held that Plaintiff has not alleged medical malpractice against Defendant CMS, CMS's Motion for Summary Judgment on Plaintiff's medical malpractice claim is **DENIED**.

---

[13] Tenn. Code Ann. § 29-26-115(a); *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 553 (Tenn. 2006).

[14] Even if the Court held that Plaintiff had stated the first two elements of a medical malpractice claim, Plaintiff has not alleged that CMS's breach was the proximate result of "injuries which would not otherwise have occurred." On the contrary, the Complaint alleges that Donald Cooper suffered "blunt trauma to the head and neck" (Compl. ¶ 18) and that "Cooper was strangled by a jailer, which was the cause of his death" (¶ 24). Therefore, there is no allegation that CMS's alleged breach of duty was the proximate cause of Cooper's injuries.

[15] *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625 (1983) (Punitive damages may be awarded in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").

[16] Order of Partial Dismissal, Feb. 5, 2009, 4 n.1. Defendant Shelby County's motion did not address Plaintiff's § 1983 claim against Defendant CMS. Plaintiff has never sought leave to amend her Complaint to address the Court's statement in the Order of Partial Dismissal.

Plaintiff has filed a response brief arguing that expert testimony is not always required to prove a medical malpractice claim or a § 1983 claim.  Because the Court has held that Plaintiff has not stated a claim for medical malpractice and Defendant has sought summary judgment only on the issue of medical malpractice, the Court need not reach Plaintiff's arguments concerning the need for medical expert testimony to prove a § 1983 claim for deliberate indifference to a serious medical need.

**IT IS SO ORDERED.**

                                   s/ S. Thomas Anderson
                                   S. THOMAS ANDERSON
                                   UNITED STATES DISTRICT JUDGE

Date: April 28th, 2010.