# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

LAQUITA COOPER, individually and as
Daughter and next friend of Donald Cooper,

    Plaintiff,

vs.                                                                   NO. 07-2283 STA\cgc
                                                                  JURY DEMANDED

SHELBY COUNTY, TENNESSEE, and
CORRECTIONAL MEDICAL SERVICES, INC.,

    Defendants.

## ORDER

Before the Court are the following Motions by way of Orders of Reference for determination from District Judge S. Thomas Anderson (D.E. # 86, 92, 93):

- Plaintiff's Motion for Continuance and Entry of New Scheduling Order (D.E. # 69)

- Defendant CMS' Motion for Enlargement of Time in which to file Fed. R. Civ. P. 26(a) disclosures) (D.E. # 72)

- Plaintiff's Motion for Mediation (D.E. # 87)

- Defendant CMS' Motion for Extension of the Dispositive Motion Deadline (D.E. # 88)

- Defendant Shelby County's Motion for Extension of the Dispositive Motion Deadline (D.E. # 89)

After considering the motions and supporting memorandum, responses in opposition and oral argument, the Court finds as follows:

The parties announced that they agreed to resolve D.E. 72 by recommending that the Court set June 22, 2010 as CMS' deadline for serving Rule 26(a) disclosures and August 22, 2010 as Plaintiff's deadline for taking the depositions of any experts disclosed by CMS.

With regard to the Motion for Mediation, the parties will appear for mediation by the Magistrate Judge at a mutually agreed date during mid to late July.

CMS and Shelby County present novel arguments in their Motions for Extension of the Dispositive Motion Deadline.  CMS argues that they should be permitted to file a second Motion for Summary Judgment to "place the issue of the §1983 claim squarely before the Court", despite the fact that there was discussion of the §1983 claim in Plaintiff's response to CMS' Motion for Summary Judgment and in CMS' reply.  Shelby County argues that, because their Motion to Dismiss was not decided until after the passage of the dispositive motion deadline, they should be permitted to now file a Motion for Summary Judgment to address the §1983 issues as well[1]. In response, Plaintiff urges denial of both motions or, in the alternative, a reset of the deadlines for amending pleadings and fact discovery[2].

Judge Anderson's Order of Reference specifically refers "the question of whether other scheduling deadlines should be extended" and "the determination of all other deadlines except Plaintiff's expert disclosure deadline."  (D.E. # 86).  The Court finds that the motions at D.E. # 69, 87 and 88 are to be construed as requests for modification of the scheduling order.  The appropriate standard for reviewing these motions is found at Fed. R. Civ. P. 16(b)(4)[3].  Because a

---

[1] The undersigned notes that the Defendants were strongly opposed to any extensions of the trial date and the deadlines until the District Court vacated the trial date and referred the question of whether other scheduling deadlines should be extended to the Magistrate Judge

[2] Plaintiff made this alternative request at oral argument only and not in either of her responses to Defendants' motions.  The Court declines to grant this request.

[3] During the colloquy at oral argument, the Court and counsel discussed the excusable neglect standard under Fed. R. Civ. P.  6.  Neither movant's memorandum specifically stated which standard should be applied.

scheduling order "may be modified only for good cause and with the judge's consent," the Court must first determine whether there exists good cause to grant any of these requests.

The deadline for filing dispositive motions was February 1, 2010.  CMS filed its motion for summary judgment on January 26, 2010 and argued in that motion that Plaintiff's case should be dismissed as a matter of law because she did not have a medical expert and could not succeed on a medical malpractice claim without an expert.  Shelby County elected not to file a motion for summary judgment, choosing instead to rely on the strength of the motion to dismiss that it filed on September 24, 2009.  CMS' motion for summary judgment was denied on April 29, 2010.  Judge Anderson held that Plaintiff's claim is a § 1983 claim for deliberate indifference to a serious medical and not a claim for medical malpractice.  The undersigned recommended that Shclby County's motion to dismiss be denied and Judge Anderson adopted the report and recommendation on March 22, 2010.  CMS and Shelby County now seek to file motions for summary judgment and propose to directly challenge Plaintiff's § 1983 claim.

The Court finds that neither CMS nor Shelby County has stated good cause for leave to file subsequent dispositive motions.  The § 1983 claim is not a newly added claim.  The defendants were fully aware of the claim yet made strategic decisions not to address this claim directly in their previous dispositive motions.  Instead, they incorrectly calculated that their more narrowly tailored dispositive motions would carry the day.  Defendants' remorse for their failed dispositive motions does not translate to good cause.  Were that the case, defendants could seek endless extensions after each denial of a dispositive motion to make another try at dismissal.  The result sought by the defendants would lead to the tactical use of serial dispositive motions and a waste of judicial resources.

For the reasons stated above, Plaintiff's Motion for Continuance and Entry of New Scheduling Order and Defendant CMS' Motion for Enlargement of Time in which to file Fed. R. Civ. P. 26(a) disclosures are GRANTED. CMS shall have up to and including June 22, 2010 in which to serve its Rule 26(a) disclosures and Plaintiff shall have up to and including August 22, 2010 for taking the depositions of any experts disclosed by CMS. Plaintiff's Motion for Mediation is GRANTED. The parties will appear for mediation by the Magistrate Judge at a mutually agreed date during mid to late July. Defendant CMS' Motion for Extension of the Dispositive Motion Deadline and Defendant Shelby County's Motion for Extension of the Dispositive Motion Deadline are DENIED.

**IT IS SO ORDERED** this 11th day of June, 2010.

                                              s/Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE