IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

LAQUITA COOPER, individually and as
Daughter and next friend of Donald Cooper,

      Plaintiff,

vs.                                          NO. 07-2283 STA\cgc
                                                <u>JURY DEMANDED</u>

SHELBY COUNTY, TENNESSEE, and
CORRECTIONAL MEDICAL SERVICES, INC.,

      Defendants.
_____

DEFENDANT SHELBY COUNTY'S OBJECTIONS TO MAGISTRATE'S
ORDER AND FINDINGS AND APPEAL FROM RULING
_____

      Comes now the Defendant, Shelby County, Tennessee, by and through counsel, and respectfully submits its objections to the Magistrate's Order and Findings and Appeal from the ruling as to Shelby County's motion for an extension of the dispositive motion deadline. (DE 98). In support thereof, it would show to the Court as follows:

      1. The dispositive motion deadline was February 1, 2010. (DE 17, Scheduling Order).

      2. The defendants filed a Joint Motion to dismiss in September 2009. (DE 24).

      3. The plaintiff finally filed her response on December 18, 2009, after consent for an extension was granted by Shelby County. (DE 39).

      4. The dispositive motion deadline expired while the motion to dismiss was pending. The Order on the motion was filed on February 16, 2010. (DE 54).

5.   The original trial date was May 17, 2010.  (DE 19).  It was continued by Order of April 29, 2010.  (DE 85).  Only after that continuance did Shelby County move to be allowed to file a dispositive motion.  (DE 89).

6.  Shelby County has not previously filed a summary judgment motion in the cause.

7.   Once the trial date was continued, and a new scheduling Order was to be entered based on the impending expert disclosures by its co-defendant and the necessity of deposing those experts, Shelby County moved to be allowed to file a dispositive motion.  (DE 89).

8.  There is no trial date at this time.

### MEMORANDUM

Shelby County adopts the legal argument set forth in Correctional Medical Service's ("CMS") Objections.  (DE 100).

This Defendant submits that its conduct was not an intentional tactic to file serial dispositive motions, nor has its conduct been designed or calculated in any way to cause delay. While it has consented to requests for enlargement or extensions, it has not caused any such delay nor has it attempted to disrupt the original Rule 16 Scheduling Order entered in 2009.  Had that been the case, the Defendant would have moved sooner for an extension of the summary judgment deadline.

This Defendant argued in good faith that judicial economy would be served if it could be allowed to submit a dispositive motion once there was no new trial setting, and relied on Fed. R. Civ. P. 56 (c), which allows such a motion before trial, in accordance with a Scheduling Order.

Fed. R. Civ. P. 16 is a case management tool, designed to allow the orderly progress of cases.  Shelby County has done nothing in the cause to disrupt the orderly progress of the case.

Scheduling Orders may be modified for good cause, with the Judge's consent. Shelby County submits that it has shown good cause for a modification under the specific circumstances of this case.

As cited by CMS, Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002) discussed the "good cause" standard:

> "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir.2001) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992)); see also Parker v. Columbia Pictures Indus., 204 F.3d 326, (2d Cir.2000) (joining Eighth, Ninth, and Eleventh Circuits in construing "good cause" as depending on the movant's diligence). Another relevant consideration is possible prejudice to the party opposing the modification. See Bradford, 249 F.3d at 809 (citing Johnson, 975 F.2d at 609).

In weighing Fed. R. Civ. P. 6 factors for excusable neglect, Shelby County submits that there is no prejudice to the Plaintiff since all issues raised in a Rule 56 motion will be addressed at trial and there is no trial setting; there is no delay of a trial since one is not set; admittedly the delay was in the control of Shelby County to the extent that it did not seek to file a dispositive motion until after the original trial date was continued; and Shelby County has acted in good faith at all times during this proceeding. Nafziger v. McDermott, Int'l Inc., 467 F.3d 514, (6th Cir. 2006).

## CONCLUSION

In view of the foregoing, Shelby County submits that the Court should reconsider the ruling of the Magistrate denying Shelby County's motion for an enlargement of time to file a dispositive motion and to alter the Order to that effect.

3

                Respectfully submitted,

                s/DEBRA L. FESSENDEN #11818
                Assistant Shelby County Attorney
                160 N. Main, Suite 660
                Memphis, Tennessee 38103
                (901) 545-2139
                (901) 545-4687 telefax
                Debra.Fessenden@shelbycountytn.gov

## CERTIFICATE OF SERVICE

      I, Debra L. Fessenden, do hereby certify that a copy of the foregoing has been served electronically to Mr. Jeffrey S. Rosenblum, Attorney at Law, 80 Monroe Avenue, Suite 950, Memphis, Tennessee 38103; Mr. Murray B. Wells, Attorney at Law, Horne & Wells, PLLC, 81 Monroe Avenue, Suite 400, Memphis, Tennessee 38103 and Ms. Amanda C. Waddell and Mr. Marty R. Phillips, Attorneys at Law, 50 N. Front Street, Suite 610, Memphis, Tennessee 38103 on June 25, 2010.

                s/DEBRA L. FESSENDEN