IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LAQUITA COOPER, individually and as Daughter and next friend of Donald Cooper,<br><br>    Plaintiff,<br><br>vs.<br><br>SHELBY COUNTY, TENNESSEE, and CORRECTIONAL MEDICAL SERVICES, INC.,<br><br>    Defendants. | NO. 07-2283 STA\cgc<br><br>JURY DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO OBJECTIONS TO MAGISTRATE'S ORDER AND FINDINGS AND APPEAL FROM MAGISTRATE'S RULING FILED BY DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.**

Comes now Plaintiff, through undersigned counsel, and files her Response and Opposition to Objections to Magistrate's Order and Findings and Appeal From Magistrate's Ruling filed by Defendant Correctional Medical Services, Inc. ("CMS") and, in support, states:

Pursuant to the Rule 16 Scheduling Order entered in this case (DE No. 17), Defendants' deadline to file a dispositive motion was February 1, 2010. Both defendants filed a Joint Motion to Dismiss on September 25, 2009 (DE No. 28). This Court denied the Joint Motion to Dismiss (DE Nos. 54 and 64). Defendant CMS filed its second dispositive motion, a Motion for Summary Judgment, on January 26, 2010 (DE No. 52). This Court rendered its ruling on Defendant CMS's motion on April 29, 2010, denying Defendant CMS's Motion for Summary Judgment (DE No. 84). Defendant CMS then sought to file a third dispositive motion, this time addressing only Plaintiff's civil rights claims. Defendant CMS's Motion for Enlargement of Time in Which to File a Dispositive Motion was referred to United States Magistrate Judge for determination (DE No. 92). Magistrate Judge Charmiane Claxton conducted a lengthy and thorough hearing on Defendants'


motion on June 8, 2010. Following the hearing, Magistrate Judge Claxton entered an Order Denying Defendant's Motion for Extension of the Dispositive Motion Deadline (DE No. 98).[1]

28 U.S.C. §636 and Rule 72(a) of the Federal Rules of Civil Procedure provide that a district judge may only modify or set aside a portion of a magistrate judge's non-dispositive pretrial order if such order is "clearly erroneous or contrary to law." This Court has held that there is a "highly deferential standard of review" and that "wide discretion" is granted to the Magistrate Judge under Rule 72(a). <u>Jain v. Memphis-Shelby County Airport Authority</u>, 2010 WL 446989 (W.D. Tenn 2010). This standard does not empower a reviewing court to reverse the magistrate judge's finding on the basis that it would have decided the matter differently. See <u>Anderson vs. City of Bessemer City, NC</u>, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The party filing the objections or appeal from a magistrate's ruling has the burden of proving that the magistrate judge's decision was clearly erroneous. <u>Marks vs. Struble</u>, 347 F.Supp.2d 136, 149 (D.N.J. 2004); *see also* <u>Lopez vs. Metropolitan Government of Nashville and Davidson County</u>, 646 F.Supp.2d 891, 921 (M.D. Tenn. 2009) and <u>S.E.C. vs. Nacchio</u>, 614 F.Supp.2d 1164, 1177 (D. Colo. 2009) (F.N. 32). In an order affirming the magistrate judge's order on the clearly erroneous standard, Judge Breen recently summarized the standard of review as follows:

> The decision is "clearly erroneous" if, "although there is evidence to support it," the court "is left with the definite and firm conviction that a mistake has been committed." <u>United States vs. United States Gypsum Co.</u>, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Under this standard, "a court reviewing a magistrate judge's order should not ask whether the finding is the best or only conclusion that can be drawn from the evidence." <u>Tri-Star Airlines, Inc. vs. Willis Careen Corp. of Los Angeles</u>, 75 F.Supp.2d 835, 839 (W.D. Tenn. 1999). "[T]he clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." <u>Id</u>. (additional citation omitted). It does not empower a reviewing court to reverse the

---

[1]The magistrate judge also granted the plaintiff's motion for mediation, and neither defendant has appealed that portion of the magistrate judge's order.

magistrate judge's finding because it would have decided the matter differently (internal quotation marks and citation omitted).

<u>Whitney vs. City of Milan, Tennessee</u>, No. 09-1127 (W.D. Tenn. 2010); *see also* <u>Jain v. Memphis-Shelby County Airport Authority</u>, 2010 WL 446989 (W.D. Tenn 2010).

Plaintiff submits that Defendant CMS has not met its burden of proving that Magistrate Judge's Order Denying CMS's Motion for Enlargement of Time to File a Dispositive Motion was clearly erroneous or contrary to law.

Defendant first contends that there is now good cause to extend the expired dispositive motion deadline. The primary inquiry in determining if there is good cause to extend the deadline is whether the County was diligent in attempting to meet that deadline in the first place. <u>Inge vs. Rock Financial Corp.</u>, 281 F.3d. 613 (6th Cir. 2002). See also Rule 16 F.R.Civ. P. (Advisory Committee Comments providing that good cause exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension.")

> In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." <u>Deghand v. Wal-Mart Stores</u>, 904 F.Supp. 1218, 1221 (D. Kan.1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind.1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Dilmer Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F.Supp. 959, 980 (D.S.C.1997); <u>Urdak vs. Norfolk Southern Ry. Co</u>, 2010 W.L. 1887710 (S. D. Ohio 2010).

CMS does not contend and the record does not reveal that CMS diligently tried to meet the deadline or even timely move to extend the deadline. Further, Defendant CMS fails to offer any explanation as to why "it could not have met the scheduling order deadline." <u>Degland, Supra</u>. It timely filed dispositive motions and chose to raise certain issues, foregoing others. Now CMS is seeking to

change its strategy and raise additional issues and the Magistrate Judge properly found that CMS did not prove good cause to do so.

Defendant CMS essentially provides two explanations or reasons it should be permitted to file yet another dispositive motion in this case even though it failed to do so prior to the deadlines set forth in the scheduling order.

As this Court is aware, Defendant CMS is now attempting to file a Motion for Summary Judgment with regard to Plaintiff's civil rights claims against Defendant CMS. In its appeal, Defendant CMS contends that it "believed it had sufficiently placed the entirety of Plaintiff's complaint before the Court for consideration in its motion [for summary judgment filed on January 26, 2010] by arguing that Plaintiff's lack of expert proof rendered her incapable of proving her case at trial" (DE No. 100, p. 4). Despite this assertion made by Defendant CMS in its appeal, there is literally no evidence whatsoever to support that statement. There was no testimony offered by anyone on behalf of Defendant CMS, and there have been no affidavits filed. Nothing in the record supports that "belief," and, in fact, the record supports a contrary conclusion. In its Motion for Summary Judgment, Defendant CMS cited a single basis in support of its motion as follows:

> Defendant would show that Plaintiff is required to utilized expert testimony to prove her claims of medical negligence against CMS. However, Plaintiff has not disclosed any Rule 26 expert information, and her deadline to do so had expired over four (4) months ago (DE No. 52).

Moreover, in its memorandum in support of its motion for summary judgment, Defendant CMS cited only two authorities in support of its basis that Plaintiff could not sustain her burden of proof. The first authority cited was T.C.A. §29-26-115 which is Tennessee's medical malpractice statute. The second authority cited was the Tennessee Court of Appeals' opinion of *Stokes vs. Leung*, 651 S.W.2d 704 (Tenn. Ct. App. 1982) which was a medical malpractice case and cited by Defendant CMS for

the proposition that "as a general rule, negligence and causation in a medical malpractice action must be proven by competent expert medical testimony (DE No. 52-1, p. 5).

In arguing that Plaintiff could not sustain her burden of proof, Defendant CMS concludes its motion for summary judgment by contending, "in the instant case, the deadline for Plaintiff to disclose expert information expired over four (4) months ago, yet she has not adduced any competent expert testimony sufficient to sustain her burden of proof in accordance with the mandate of Tennessee Code Annotated §29-26-115 [the medical malpractice statute]."

CMS's argument that by citing the Tennessee Malpractice Statute and case law in its motion for summary judgement it also somehow put the §1983 claims "squarely before the court" should be viewed with a skeptical eye. Also, as argued below, if the complete lack of any reference to §1983 by CMS in its motion was not a clear enough indication that it strategically chose not to address the issue at summary judgement, your Plaintiff pointed this out to CMS in a filed pleading well before April 29th, the date that CMS argues it first learned it had "apparently not fully placed the entirety of Plaintiff's claims before the Court for consideration."(DE No. 100, p. 4).

As such, despite its contention to the contrary in this appeal, Defendant CMS chose to address only the medical malpractice claims asserted by Plaintiff, and Defendant CMS should not now be permitted to argue that it "believed" it had raised civil rights issues where the trial record is to the contrary, and where there is absolutely no evidence to support such assertion.

The United States Magistrate Judge specifically found that Defendant CMS made the strategic decision as to which issues to raise in its dispositive motions, deliberately choosing not to address Plaintiff's §1983 claims in its Motion for Summary Judgment. The magistrate judge's order provides in part as follows:

> The deadline for filing dispositive motions was February 1, 2010. CMS filed its motion for summary judgment on January 26, 2010, and argued in that motion that

5

> Plaintiff's case should be dismissed as a matter of law because she did not have a medical expert and could not succeed on the medical malpractice claim without an expert. . . .
> * * *
>
> . . . [T]he §1983 claim is not a newly added claim. The defendants were fully aware of the claim yet made strategic decisions not to address this claim directly in their previous dispositive motions. Instead, they incorrectly calculated that their more narrowly tailored dispositive motions would carry the day. Defendants' remorse for their failed dispositive motions does not translate to good cause. Were that the case, Defendants could seek endless extensions after each denial of a dispositive motion to make another try at dismissal. The result sought by Defendants would lead to the tactical use of serial dispositive motions and a waste of judicial resources (DE No. 98, p. 3).

Defendant CMS also infers that perhaps the magistrate judge should have used an excusable neglect standard when determining whether Defendant CMS's request to file a dispositive motion after the dispositive motion deadline has passed, but in making such inference, Defendant CMS has been careful not to take the position that it is guilty of any neglect.

In fact, Defendant CMS did not argue that it was neglectful in its original motion for enlargement of time, at the hearing before the magistrate judge or even in this appeal. This Court has previously held that before a party can even argue an "excusable neglect" as a basis for avoiding a missed deadline, "first, a moving party must show that the failure to meet a deadline was a case of neglect. Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness" (DE No. 83, p. 8) (citing *Turner vs. City of Taylor*, 412 F.3d 629 (6th Cir. 2005). Thus, in order to rely on the defense of excusable neglect, Defendant CMS would first be required to meet its burden of proving that it was negligent in missing a scheduling deadline. Given the fact that the record is devoid of any such proof (not to mention devoid of any such argument on the part of Defendant CMS), there is no occasion to even go to the second prong of the process which is to determine whether the neglect was excusable. The magistrate judge specifically found that Defendant CMS "made strategic decisions not to address"

the §1983 issue (DE No. 98, p. 3). That finding on the part of the magistrate judge is reviewed on a "clearly erroneous standard," and Defendant CMS has failed to meet its burden of proving that the magistrate judge's findings were clearly erroneous. Accordingly, the magistrate's findings in her order should be affirmed. Even if this Court found the magistrate's actual findings clearly erroneous and then went on to find that Defendant CMS had proven negligence on its part, such neglect was not reasonable in light of the facts that, among other things, Defendant CMS has shown no reasonable basis for the delay in seeking an extension of the deadline. The delay was within Defendant CMS's control and, as found by the magistrate judge, there is certainly a negative impact on the judicial proceeds ("The result sought by Defendants would lead to the tactical use of serial dispositive motions and a waste of judicial resources") (DE No. 98). *See Nafziger vs. McDermott, Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006).

The second basis cited by Defendant CMS in support of its motion for enlargement of time to file dispositive motion and in support of its appeal from the magistrate's ruling is its allegation that Plaintiff "apparently . . . believed the entire case was before the district judge for review in CMS's pending motion [for summary judgment filed on January 26, 2010]" (DE No. 100, p. 5). Defendant CMS is well aware that Plaintiff did not "believe the entire case was before the district court judge for review" as stated in its appeal. In fact, Plaintiff made it very clear that she had the opposite belief when responding to Defendant CMS's motion for summary judgment. In her response, Plaintiff specifically points out that:

> As set forth above, Defendant CMS's sole basis for filing a motion for summary judgment is its opinion that Plaintiff cannot succeed on her claims because she has not disclosed an expert witness. However, the only authority cited for this proposition is Tennessee's medical malpractice statute and one Tennessee case which Defendant CMS cites [for the] proposition that "as a general rule, negligence and causation in a medical malpractice action must be proven by competent expert medical testimony" (DE No. 52-1, p. 5). Accordingly, it is clear that Defendant CMS's motion is actually a motion for partial summary judgment on the issue of

medical malpractice as it has not cited or even argued that expert testimony is necessary to pursue a claim pursuant to 42 U.S.C. §1983.

As set forth above, Defendant CMS would only be entitled to a summary judgment if it shows that there are no genuine issues as to any material fact <u>and</u> that it is entitled to a judgment as a matter of law. Defendant CMS has not argued nor has it shown that it is entitled to judgment as a matter of law with regard to Plaintiff's civil rights claims (DE No. 75, p. 5).

For Defendant CMS to now take the position that Plaintiff "apparently believed" that Defendant CMS had properly presented a §1983 argument to this Court in its motion for summary judgment is disingenuous at best.

Finally, Plaintiff points out that the sole basis asserted by Defendant CMS in its motion for summary judgment (DE Nos. 52, 52-1) is the fact that Plaintiff had not disclosed expert witnesses and, as set forth above, Defendant CMS now argues that it believed it was raising the expert witness issue with regard to both medical malpractice and federal civil rights claims. If for any reason this Court finds that the magistrate judge was clearly erroneous in rejecting Defendant's argument, and if this Court is inclined to extend Defendant CMS's deadline to file dispositive motions by virtue of finding such clear error, then Defendant CMS should be limited to its legal argument made in its original motion found at DE No. 52. In other words, Plaintiff submits that Defendant CMS should not be permitted to, first, argue that it believed it had covered the civil rights issue in its original motion and, then, take advantage of such neglect or inadvertence by raising other issues as well.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff requests that this Court affirm the magistrate judge's order denying Defendant CMS's motion for enlargement of time to file a third dispositive motion in this case.

Respectfully submitted,

s/Jeffrey S. Rosenblum

8

        Jeffrey S. Rosenblum, #13626
        Rosenblum & Reisman, PC
        80 Monroe Avenue, #950
        Memphis TN 38103
        (901) 527-9600
        Jeffr@randrfirm.com

        s/Murray Wells
        Murray B. Wells, #21749
        HORNE & WELLS, PLLC
        81 Monroe Ave, Suite 400
        Memphis TN 38103
        (901) 507-2520
        Wells@hgwlaw.com
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that service has been made through this Court's electronic filing systems, this 9th day of July, 2010.

        s/Jeffrey S. Rosenblum