IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| LAQUITA COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-2283-STA-cgc |
| | ) |
| SHELBY COUNTY, TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

_____

ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANTS' MOTIONS FOR EXTENSION OF THE DISPOSITIVE MOTION
DEADLINE AND GRANTING DEFENDANTS' ADDITIONAL TIME TO FILE
MOTIONS FOR SUMMARY JUDGMENT

_____

Before the Court are Defendant Correctional Medical Service, Inc.'s ("CMS") and Defendant Shelby County's separate Appeals of the Magistrate Judge's Order Denying Defendant's Motion for Extension of the Dispositive Motion Deadline (D.E. # 100, 101), both filed on June 2, 2010. For the reasons set forth below, the Magistrate Judge's Orders are **AFFIRMED**. However, the Court will grant Defendants additional time to file motions for summary judgment as set forth herein.

### BACKGROUND

Plaintiff has alleged that Defendants are liable for the death of her father Donald Cooper at the Shelby County Jail in 2006. The procedural history of this case is relevant to the issues presented in Defendants' Objections to the Magistrate Judge's Order. After Plaintiff's Complaint was filed on April 19, 2007, the Court granted Defendants' joint motion to stay the

1

case pending a criminal investigation into the allegations about the death of Plaintiff's father. As a result, the case was stayed from June 25, 2007, until November 25, 2008, a span of seventeen months. A scheduling order was entered on January 9, 2009, establishing a dispositive motion deadline of February 1, 2010. Prior to the dispositive motion deadline, Defendants filed a joint motion to dismiss (D.E. # 28, September 24, 2009) pursuant to Rules 37 and 41, seeking dismissal of the case for Plaintiff's failure to cooperate in discovery and obey court orders. The Magistrate reccommended that the joint motion to dismiss be denied on February 16, 2010 (D.E. # 54), and the Court adopted that recommendation (D.E. # 64, March 22, 2010).

      While the joint motion to dismiss was pending, Defendant CMS also filed a motion for summary judgment (D.E. # 52, January 26, 2010), arguing that Plaintiff had failed to adduce expert proof in support of her medical malpractice claim against CMS. In response to Defendant CMS's Rule 56 motion concerning expert proof, Plaintiff filed a motion to extend the expert disclosure deadline (D.E. # 55, February 19, 2010), which was referred to and denied by the Magistrate Judge (D.E. # 66, March 25, 2010). The Court affirmed the Magistrate Judge's Order, concluding that Plaintiff could not show excusable neglect for her failure to seek an extension of the deadline before that time (D.E. # 83, April 29, 2010). In a separate order, the Court denied CMS's motion for summary judgment (D.E. # 84, April 29, 2010), finding that CMS sought dismissal of a medical malpractice claim when in fact Plaintiff had alleged not a medical malpractice claim but a § 1983 claim against CMS. Although CMS briefed the § 1983 issue in its reply brief, the Court declined to address the merits of Plaintiff's § 1983 claims. In a third order (D.E. # 85) issued on April 29, the Court granted Plaintiff's motion to continue the trial date, which had been set for May 17, 2010.

On May 20, approximately three weeks after the Court denied CMS's motion for summary judgment and continued the trial, each Defendant filed a motion for extension of the dispositive motion deadline (D.E. # 88, 89). The Court notes that Defendants had never sought to amend the scheduling order and filed their first motions for extension only after the Court adopted the Magistrate Judge's recommendation to deny the joint motion to dismiss (D.E. # 64, March 22, 2010) and denied Defendant CMS's motion for summary judgment (D.E. # 84). Defendant Shelby County never filed its own motion for summary judgment prior to the dispositive motion deadline. The Court referred Defendants' motions for extension to the Magistrate Judge for determination.[1] The Magistrate Judge held a hearing on the motions on June 8, 2010, and issued her order denying the motions on June 11.

In her Order, the Magistrate Judge reviewed the arguments of each Defendant in favor of extending the dispositive motion deadline. Defendant CMS contended that despite the parties' briefing on the § 1983 claim, the Court denied the motion for summary judgment without reaching the issue. Therefore, CMS sought another opportunity to "place the issue of the § 1983 squarely before the Court." Defendant Shelby County simply argued that the deadline should be extended because the joint motion to dismiss was pending before the Court at the time the dispositive motion deadline passed. Magistrate Judge Claxton observed that "the Defendants were strongly opposed to any extensions of the trial date and the deadlines until the District Court vacated the trial date and referred the question of whether other scheduling deadlines

---

[1] The Court also referred Plaintiff's motion for entry of a new scheduling order (D.E. # 69); CMS's motion for enlargement of time in which to file Rule 26(a) initial disclosures (D.E. # 72); and Plaintiff's motion for mediation (D.E. # 87). No party has objected to the Magistrate Judge's ruling on these motions.

should be extended to the Magistrate Judge."[2] The Magistrate Judge then applied Rule 16(b)(4)'s good cause standard and concluded that neither Defendant could make such a showing. Both Defendants sought an extension for the purpose of attacking Plaintiff's § 1983 claims even though the claims were not new. The Magistrate Judge stated that Defendants "made strategic decisions not to address" Plaintiff's § 1983 claims and "incorrectly calculated that their more narrowly tailored dispositive motions would carry the day."[3] Granting motions to extend the dispositive motion deadline following unfavorable rulings threatened "the tactical use of serial dispositive motions and a waste of judicial resources."[4] Therefore, the Magistrate Judge denied Defendants' motions to extend the dispositive motion deadline.

## STANDARD OF REVIEW

Defendants have filed timely objections to the Magistrate Judge's Order. Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review for "nondispositive" preliminary matters such as discovery motions like Plaintiff's motion to extend the dispositive motion deadline.[5] Fed. R. Civ. P. 72(a) states that a district judge shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to

---

[2] Order 2, June 11, 2010 (D.E. # 98).

[3] *Id*. at 3.

[4] *Id*.

[5] *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1)(A).

4

law."[6]  "When examining legal conclusions under the 'contrary to law' standard, the Court may overturn 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"[7]

## ANALYSIS

Defendants' assignment of error is the Magistrate Judge's determination that Defendants had failed to demonstrate good cause for the extensions.  Defendants brief the applicable "good cause" standard under Rule 16 and argue that the Magistrate Judge should have weighed the relevant factors and found good cause to grant the extensions.  The Magistrate Judge's Order stated, "The appropriate standard for reviewing these motions is found at Fed. R. Civ. P. 16(b)(4)" but went on to note that the parties had argued Rule 6(b)'s excusable neglect standard at the hearing.[8]  The Court would add that under the circumstances Defendants had to demonstrate good cause as well as excusable neglect under Rule 6(b).  The Sixth Circuit has held that whether to grant a party an enlargement of time is a matter committed to the district court's discretion pursuant to Rule 6.[9]  Fed. R. Civ. P. 6(b) governs extensions of time and provides that

---

[6] Fed. R. Civ. P. 72(a); *Bell v. International Broth. of Teamsters*, 1997 WL 103320, at *4 (6th Cir. 1997).

[7] *Doe v. Aramark Educational Resources, Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)).  *See also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

[8] Order 2, June 11, 2010 (D.E. # 98).  *See also Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 829-30 (6th Cir. 2005) (applying Rule 16(b)'s good cause standard to motion to extend dispositive motion deadline filed after deadline had already passed).

[9] *E.g. Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006); *Turner v. City of Taylor,* 412 F.3d 629,

"the court may, for good cause, extend the time with or without motion. . . if a request is made before the original time or its extension expires."[10] After the expiration of a deadline, the Court may extend the time only "for good cause" and "if the party failed to act because of excusable neglect."[11] The Sixth Circuit has described the excusable neglect standard as "strict" and "met only in extraordinary cases."[12] Because the Magistrate Judge determined that Defendants could not establish good cause, the Court finds that the Magistrate Judge had no reason to consider Rule 6(b)'s excusable neglect standard.

More importantly, the Court finds that the Magistrate Judge did not err in concluding that Defendants could not show good cause for the extensions. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management orders and requirements."[13] Here Defendant Shelby County failed to move for an extension of the dispositive motion deadline for more than three months, from February 1 to May 20, 2010. Shelby County argues that its motion to dismiss was still pending at the dispositive motion deadline. However, the Court adopted the Magistrate Judge's recommendation to deny the motion on March 22, almost two months before Shelby County sought its extension of the

---

650 (6th Cir. 2005).

[10] Fed. R. Civ. P. 6(b); *Turner*, 412 F.3d at 650. *See also* Fed. R. Civ. P. 16(b)(4).

[11] Fed. R. Civ. P. 6(b)(B); *Turner*, 412 F.3d at 650. *See also America's Collectibles Network, Inc. v. Syndicate 1414*, No. 08-cv-96, 2009 WL 2929417, at *1 (E.D. Tenn. Sept. 8, 2009) (requiring party seeking extension of dispositive motion deadline to establish excusable neglect under Rule 6(b) as well as good cause under Rule 16(b)(4)).

[12] *Turner*, 412 F.3d at 650.

[13] *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted).

dispositive motion deadline. In any event, Shelby County failed to show diligence in attempting to meet its case management requirements. Therefore, the Magistrate Judge's holding that Shelby County could not show good cause was not clearly erroneous or contrary to law.

As for Defendant CMS, the Magistrate Judge did not err in finding that CMS had not shown good cause to extend the dispositive motion deadline. Unlike Shelby County, Defendant CMS did file a motion for summary judgment prior to the expiration of the dispositive motion deadline. However, CMS sought summary judgment on a medical malpractice claim Plaintiff had never alleged against it. As a result, the Court denied CMS's motion. While it is true that CMS addressed the § 1983 claims in its reply, arguments raised for the first time in a reply brief are generally not considered because such a practice deprives the non-moving party of its opportunity to address the new arguments.[14] CMS's argument that it had properly sought summary judgment on Plaintiff's § 1983 claims is without any support. As a result, the Court finds no clear error in the Magistrate Judge's finding that CMS "made strategic decisions not to address [the § 1983] claim directly" in its first motion for summary judgment. Therefore, the Court concludes that the Magistrate Judge's order denying Defendant CMS's motion to extend

---

[14] The Sixth Circuit routinely declines to consider arguments raised for the first time in an appellate reply brief, largely because such a practice denies the non-moving party a meaningful opportunity to respond. *E.g. Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir. 2002); *Aetna Cas. and Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519, 545 (6th Cir. 2000). For the same reasons, many district courts in the Sixth Circuit do not consider arguments raised for the first time in reply briefs. *E.g. Hadley v. United States*, No. 09-cv-278, 2010 WL 2573490, at *6 (W.D. Mich. June 22, 2010); *Universal Health Group v. Allstate Ins. Co.*, No. 09-12524, 2010 WL 2278618, at *4 (E.D. Mich. May 12, 2010); *Harris v. City of Circleville*, No. 04-cv-1051, 2010 WL 816974, at *14 n. 3 (S.D. Ohio Mar. 5, 2010); *Miller v. Wells Fargo & Co.*, No. 05-cv-42, 2008 WL 793683, at *4 n. 4 (W.D. Ky. Mar. 24, 2008) (considering issues first raised in reply where non-moving party had opportunity to file sur-reply); *Nash v. Eberlin*, No. 04-cv-435, 2006 WL 2251873, at *1 (N.D. Ohio Aug. 4, 2006); *Childress v. Worthy*, No. 05-cv-134, 2006 WL 1409096, at *9 (E.D. Tenn. May 22, 2006).

the dispositive motion deadline was not clearly erroneous or contrary to law.

Although Defendants have not satisfied the standards for extending deadlines generally, the Court has the inherent authority to consider untimely motions for summary judgment even where a party has not shown good cause for an extension of time. It must be emphasized that the time for seeking summary judgment is limited and finite under federal law. Rule 56(c) states that a party may move for summary judgment at any time until 30 days after the close of discovery.[15] In fact, the right to seek summary judgment may be waived when parties fail to file a motion within the specified time.[16] At the same time, summary judgment was intended "as a device to diminish the effort, time, and costs associated with unnecessary trials."[17] In other words, "summary judgment is to avoid a useless trial" and "make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts."[18] Applying these general principles, the Sixth Circuit concluded in an unreported decision that, "it is within the court's discretion to consider a motion for summary judgment, even after the time stipulated in the court's order, where such consideration will eliminate unnecessary

---

[15] Fed. R. Civ. P. 56(c).

[16] *In re Sch. Asbestos Litig.*, 977 F.2d 764, 794 (3d Cir. 1992) (citing *Beck v. Borden, Inc.,* 724 F.2d 44, 44-45 (6th Cir.1984) (per curiam)).

[17] *Holley v. Northrop Worldwide Aircraft Servs., Inc.* 835 F.2d 1375, 1377 (11th Cir. 1988). Accord

[18] *Mgmt. Investors v. United Mine Workers of America*, 610 F.2d 384, 388-89 (6th Cir. 1979) (quoting *Bland v. Norfolk and S. R.R. Co.*, 406 F.2d 863, 866 (4th Cir. 1969)). *See also Adler v. Fed. Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir. 1997); *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038 (1977); *Tomalewski v. State Farm Life Ins. Co.*, 494 F.2d 882, 884 (3d Cir. 1974); *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495 (7th Cir. 1972); *Beef/Eater Rests., Inc. v. James Burrough Ltd.*, 398 F.2d 637, 640 (5th Cir. 1968).

trials which waste the parties' time and money, [and] allow the court to give judgment on the issues of law where no disputed issues of fact are found."[19]

Despite Defendants' failure to demonstrate good cause for the extensions, the Court will grant each Defendant additional time in which to file a dispositive motion. The Court finds that it "would serve no useful purpose in either streamlining the case or simplifying the issues for trial" to deny Defendants an opportunity to file Rule 56 motions as to issues they have not squarely addressed prior to now.[20] The Court has yet to reset the matter for trial, and the Magistrate Judge has ordered the parties to participate in a settlement conference on August 30, 2010. Defendant CMS has stated that it "could expeditiously file its [Rule 56] Motion as the matter has already been fully briefed" in CMS's reply in its first motion for summary judgment. Defendant Shelby County has not stated how long it would need to file a Rule 56 motion. For her part, Plaintiff has argued that in the event the Court permits Defendants to file dispositive motions, "Defendant CMS should be limited to its legal argument made in its original motion found at DE No. 52." Based on these concessions in the parties' briefs, the Court will give Defendant CMS and Defendant Shelby County ten (10) days from the entry of this Order in which to file their motions for summary judgment as to Plaintiff's § 1983 claims. Defendant CMS will be confined to its argument on Plaintiff's § 1983 claim made in its previous reply brief (D.E. # 81, April 27, 2010). Plaintiffs shall have twenty (20) days from that time in which to

---

[19] *Williams v. Wilkinson,* No. 96-3715, 1997 WL 809971, at *2 (6th Cir. Dec.18, 1997) (per curiam). *See also Century Indem. Co. v. Aero-Motive Co.*, 379 F. Supp. 2d 879, 880-81 (W.D. Mich. 2004).

[20] *See Chao v. Local 951 United Food and Commercial Workers*, No. 05-cv-638, 2006 WL 2771771, at *1 (W.D. Mich. Sept. 25, 2006).

respond to Defendants' motions.

## CONCLUSION

The Court finds no error in the Magistrate Judge's ruling that Defendants had failed to show good cause for an extension of the dispositive motion deadline pursuant to Fed. R. Civ. P. 16(b)(4).  Therefore, the Magistrate Judge's order is **AFFIRMED**.  In an effort to streamline issues for trial, however, the Court will exercises its inherent authority to allow Defendants to file their motions for summary judgment within ten (10) days of the entry of this Order.  Plaintiff shall have twenty (20) days from the filing of Defendants' motions in which to respond.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 10th, 2010.